UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MARK ANTHONY JACKSON, II,                                                                      Plaintiff,

v.                                                            Civil Action No. 3:17-cv-P61-DJH

DEPUTY WARDEN JAMES COYN et al.,                                      Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff, Mark Anthony Jackson, II, proceeding *pro se* and *in forma pauperis*, initiated this 42 U.S.C. § 1983 action by filing a complaint. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, portions of the complaint will be dismissed, and Plaintiff will have the opportunity to amend with regard to the remainder of the claims.

## I. SUMMARY OF CLAIMS

At the time he filed his complaint, Plaintiff was a convicted inmate incarcerated at the Kentucky State Reformatory (KSR). He names as Defendants the following employees of KSR: Deputy Warden James Coyn; Sgt. Strout; Unit Administrator (U.A.) Grievous; ten unknown correctional officers; Correctional Officer (C.O.) Smitty; C.O. Franklin; Sgt. Franklin; Lt. Rohman; and C.O. Rodriguez. He sues each Defendant in his or her individual and official capacities.

Plaintiff alleges that on December 19, 2016, he was "chained to a wall" from around 5:00 pm until about 9:00 pm "due to medical wouldn't do my intake screening. CPP says its suppose to be done within 2 hours." He states, "Sgt. Franklin knew I didn't eat even staff told him. I was

given wet bread, thin slice meat and apple which was diebetic snack that set in floor room temperature for hours." He alleges that "after I was off watch 12-20-2016 I was denied blanket, bed linens, toothbrush, toothpaste, soap then at shower time could not shower due to they refused to give me a towel to dry off with or soap unable to shower for a week 2 different times." He states that on January 2, 2017, he was told "use soap in shower floor that inmates used or nothing."

Plaintiff states that on December 21, 2016, he told C.O. Smitty that he was having thoughts of self harm and that C.O. Smitty told him to "lay down no one is moving to tough it out tonight so I end up doing self harm later that night show C.O. Rodriguze he ignores it. Nurse Raven tells him at med pass to document it and I should not be in cell but upstairs on watch."

Plaintiff was placed on "15 min. watch due to self harm." He alleges that the cell was dirty with food on the wall, "pee" on the floor and mat, dried blood on the mat and a dirty sink. He alleges that because everyone gets a paper spoon on "watch" he had to use his fingers to eat soup, salad, beans and potatoes. He states that U.A. Grievous made a comment about his body while he watched him urinate and then took his blanket from him. He states that C.O. Rodriguez tried to get him to undress. Plaintiff alleges that he was denied "lawyer calls. Was denied 2 days to report PREA [Prison Rape Elimination Act] incident."

Plaintiff next alleges that on December 29, 2016, he was placed "in cell with no plumbing in sink water covered floor clear to door wouldn't move me or clean cell." He states he was kept there from 10:00 pm on December 29, 2016, until 2:30 pm the next day.

Plaintiff finally alleges that he "was threaten by staff no matter if I cuffed up if I caused self harm they would spray me [pepper spray] shoot me with pepper ball gun etc. which would be excessive force."

As relief, Plaintiff asks for monetary damages, transfer to another prison, and "suspend staff involved."

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### A. *Official-capacity claims*

"Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Because Defendants are employees or officers of the Commonwealth of Kentucky, the claims brought against them in their official capacities are deemed claims against the Commonwealth of

Kentucky. *See Kentucky v. Graham*, 473 U.S. at 166. State officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, because Plaintiff seeks money damages from state officers or employees in their official capacities, he fails to allege cognizable claims under § 1983. Additionally, the Eleventh Amendment acts as a bar to claims for monetary damages against Defendants in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169. Therefore, Plaintiff's official-capacity claims for monetary damages against Defendants will be dismissed for failure to state a claim upon which relief can be granted and for seeking monetary relief from Defendants who are immune from such relief.

Although in certain circumstances a suit against a state employee for injunctive relief may be allowed under the fiction created by *Ex Parte Young*, 209 U.S. 123 (1908), in order to prevent future constitutional violations, since filing his complaint Plaintiff has been transferred to another institution, making his requests for injunctive relief moot. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (holding a prisoner's claim for declaratory and injunctive relief becomes moot upon his transfer to a different facility).

### B. *Individual-capacity claims*

Plaintiff alleges that the Eighth Amendment was violated due to cruel and unusual punishment. "[E]xtreme deprivations are required to make out a conditions-of-confinement claim" under the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) (per curiam). An Eighth Amendment claim has both an objective and subjective component: (1) a sufficiently grave deprivation of a basic human need; and (2) a sufficiently

4

culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). "[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)).

Generally, allegations about temporary inconveniences, *e.g.*, being subjected to a flooded or otherwise dirty cell or being deprived of hygiene items, bed linens, or eating utensils, do not demonstrate that the conditions fell beneath the minimal civilized measure of life's necessities as measured by a contemporary standard of decency. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001); s*ee also Richmond v. Settles*, 450 F. App'x 448, 455 (6th Cir. 2011) (holding no Eighth Amendment rights violated where inmate had no toilet paper, soap, toothpaste, toothbrush, running water, or the ability to shower for six days while on Behavioral Management); *Stephens v. Carter Cty. Jail*, No. 86-5565, 1987 WL 36997, at *17 (6th Cir. Apr. 10, 1987) (dismissing prisoner's claim that having been kept in a holding cell for 20 hours without food, water, sheets, a blanket, a shower, and a bunk-bed violated the Eighth Amendment); *Powell v. Harrington*, No. 4:14-CV-P111-JHM, 2015 WL 1407384, at *3 (W.D. Ky. Mar. 26, 2015) ("Moreover, the lack of a cup to drink from or utensils to eat with also does not rise to the level of a constitutional violation."); *Strange v. Strode*, No. 1:13CV-P142-M, 2014 WL 2930748, at *7 (W.D. Ky. June 27, 2014) ("[W]here the duration of filthy or uncomfortable conditions is short, no constitutional violation occurs."). Similarly, being served unappetizing food or missing one meal does not rise to an Eighth Amendment violation. *See Cunningham v. Jones*, 567 F.2d 653, 659-60 (6th Cir. 1977) ("[A] complaint about the preparation or quality of prison food . . . would generally be far removed from Eighth Amendment concerns."); *Brooks v. Daniels*, No. 3:12CV-P446-S, 2012 WL 5866453, at *2 (W.D. Ky. Nov. 19, 2012) ("Isolated

deprivations of meals to prisoners do not rise to the level of an Eighth Amendment violation . . . .").

In addition, courts have rejected Eighth Amendment claims for lack of a significant injury from living conditions far harsher than Plaintiff alleges he suffered during the short time periods described in his complaint. *See, e.g.*, *Beverati v. Smith*, 120 F.3d 500, 505 n.5 (4th Cir. 1997) (noting that inmate's alleged confinement for six months in hot cells, infested with vermin and smeared with urine and feces, with only cold food in smaller portions and infrequent changes of linens did not state Eighth Amendment claim with no showing that the conditions resulted in serious physical or emotional injury); *Harris v. Fleming*, 839 F.2d 1232, 1234-36 (7th Cir. 1988) (holding no violation of Eighth Amendment where inmate not given soap, toothpaste, or toothbrush for 10 days and no toilet paper for five days).

Based upon the above, the Court concludes that Plaintiff has not stated an Eighth Amendment claim related to his alleged lack of soap, showers, a towel, a clean cell, bed linens, and eating utensils or regarding being served an unappetizing diabetic snack instead of a meal.

Most of Plaintiff's other allegations also fail to state a constitutional claim. Plaintiff alleges that he was "chained to a wall" for about four hours "due to medical wouldn't do my intake screening. CPP says its suppose to be done within 2 hours." The Court understands the acronym "CPP" to stand for Corrections Policies and Procedures, which govern state institutions like KSR. However, a failure of a prison, or the state, to follow its own policies and procedures does not amount to a constitutional violation. *See Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992) (holding that failure to comply with a state regulation does not by itself give rise to a constitutional violation).

Additionally, Plaintiff's temporary restraint in chains while awaiting his intake screening does not state a constitutional claim. Here, Plaintiff was restrained for only a few hours, and he does not allege that he was denied food, water, or any other necessities of life, for an extended period of time. Nor does he allege that he suffered any significant discomfort or pain as a result of Defendants' use of "chain[s]," apart from being given an unappetizing diabetic snack instead of a meal. These allegations do not rise to the level of a constitutional claim. *See Sanders v. Smith*, No. 1:11-CV-892, 2011 WL 5921426, at *13-14 (W.D. Mich. Nov. 27, 2011).

Plaintiff alleges that Defendant Grievous made a comment about his body while he watched him urinate. He states that Defendant Rodriguez tried to get him to undress. Plaintiff then alleges that he was denied "lawyer calls. Was denied 2 days to report PREA incident."

Comments from prison officials, even if sexual in nature, do not support a constitutional claim. *See, e.g.*, *Johnson v. Ward*, No. 99-1596, 2000 WL 659354, at *1 (6th Cir. May 11, 2000) ("Johnson's allegation that Ward made an offensive sexual remark to him does not rise to the level of a constitutional violation [as such is merely verbal abuse]."); *Calvert v. Weatherford*, No. 3:13-cv-00274, 2013 WL 1937690, at *2 (M.D. Tenn. May 9, 2013) ("Acts of verbal sexual harassment, standing alone, are insufficient to state a claim under the Eighth Amendment.").

Plaintiff's allegations that he was denied "lawyer calls" and that he "[w]as denied 2 days to report PREA incident" also do not state a constitutional claim. Plaintiff does not allege that he was not allowed to contact his lawyer by other methods, such as letters or a personal visit. *See Aswegan v. Henry*, 981 F.2d 313, 314 (8th Cir. 1992) ("Although prisoners have a constitutional right of meaningful access to the courts, prisoners do not have a right to any particular means of access, including unlimited telephone use."); *White v. Blue*, No. 4:15-CV-P100-JHM, 2015 WL 9244491, at *2 (W.D. Ky. Dec. 17, 2015) (finding that, where plaintiff did not allege that he did

7

not have other means of communicating with his attorney, plaintiff had not alleged any constitutional violation with regard to access to the phone or his attorney). And, Plaintiff has no private right of action under PREA. *Cope v. Puckett*, No. 3:15-CV-P316-JHM, 2015 WL 4934204, at *4 (W.D. Ky. Aug. 18, 2015).

With regard to Plaintiff's allegations that he "was threaten by staff no matter if I cuffed up if I caused self harm they would spray me [pepper spray] shoot me with pepper ball gun etc. which would be excessive force," Plaintiff is not alleging that those things occurred, only that he was threatened. Such threats do not state a constitutional claim. *See Knox v. Rider*, No. 15-1133-JDT-EGB, 2016 WL 2587288, at *4 (W.D. Tenn. May 4, 2016) ("[M]ere threats or verbal abuse . . . are insufficient to state an Eighth Amendment claim.").

Finally, Plaintiff alleges that he told Defendant Smitty that he was having thoughts of self harm, that Defendant Smitty told him to "tough it out," and that he "end[ed] up doing self harm later that night." He also alleges that when he showed his "self harm" to Defendant Rodriguez, he ignored it. He does not explain what the alleged self harm was.

"An isolated expression of a desire to hurt oneself long before one actually engages in self-harm would not support an inference that a prison official 'subjectively knew' of the risk that the specific self-harm incident at issue might occur." *Ward v. Kirk*, No. 16-CV-508-BBC, 2016 WL 5395897, at *1 (W.D. Wis. Sept. 27, 2016). However, the Court will provide Plaintiff with an opportunity to amend his complaint with regard to this claim. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act].").

### III. CONCLUSION AND ORDER

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's official-capacity claims and all individual-capacity claims against all Defendants except Plaintiff's claim against Defendants Smitty and Rodriguez in their individual capacities regarding Plaintiff's self-harm on December 21, 2016, are **DISMISSED** for failure to state a claim upon which relief may be granted and for seeking monetary relief from Defendants who are immune from such relief pursuant to 28 U.S.C. § 1915A(b)(1), (2).

The Clerk of Court is **DIRECTED** to terminate as Defendants in this action the following: Deputy Warden James Coyn; Sgt. Strout; U.A. Grievous; ten unknown correctional officers; C.O. Franklin; Sgt. Franklin; and Lt. Rohman.

**IT IS FURTHER ORDERED** that **within 30 days** from the entry date of this Memorandum Opinion and Order, Plaintiff may amend the complaint to provide additional facts of what he told Defendant Smitty and what self harm he did. The Clerk of Court is **DIRECTED** to place the instant case number and "Amended" on a § 1983 complaint form and send it to Plaintiff for his use should he wish to amend the complaint. The Court will conduct an initial review on the amended complaint pursuant to 28 U.S.C. § 1915A.

Should Plaintiff file no amended complaint within 30 days, the Court will enter a final Order dismissing the entire action for the reasons stated herein.

Date: May 31, 2017

**David J. Hale, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendants
    General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4415.009